IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. CR20-4061-LTS-KEM |
| v. | ) | |
| | ) | |
| | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| OSCAR PENA-SOLIS, | ) | |
| | ) | |
| Defendant. | ) | |

Oscar Pena-Solis was charged in a four-count Indictment. On September 16, 2020, Mr. Pena-Solis pled guilty to Count 1, Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 846 ; Count 2, Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), and 21 U.S.C § 841(b)(1)(A); Count 3, Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A); and Count 4, Unlawful User and Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(3), 18 U.S.C. § 922(g)(5), and 18 U.S.C. § 924(a)(2). PSR ¶ 1. He now faces sentencing.

I. **Issues**

At sentencing, the Court will need to determine the appropriate length of incarceration. It is unknown if there are any other issues.

**II.    Exhibits and Witnesses**

Mr. Pena-Solis does not intend to offer any exhibits or testimony.

**III.   Sentencing Ranges**

Mr. Pena-Solis faces a guideline range of 108 to 135 months' imprisonment (total offense level thirty-one, criminal history category I) for Counts 1, 2, and 4. However, the statutorily authorized minimum sentence for Count 1 and Count 2 is greater than the minimum of the applicable guideline range; therefore, the guideline range is 120 to 135 months' imprisonment. For Count 3, the guideline sentence is the minimum term of imprisonment required by statute, which in this case is a 60-month term of imprisonment that must be served consecutively to any other term of imprisonment. PSR ¶ 58. The statutorily authorized maximum prison sentence for Counts 1, 2, and 3 is life; and the statutory maximum sentence for Count 4 is 10 years. *Id.* ¶ 56. The guideline term of supervised release for Counts 1 and 2 is five years. For Count 3, the guideline range for a term of supervised release is 2 years to 5 years. For Count 4, the guideline range for a term of supervised release is 1 year to 3 years. *Id.* ¶ 62.

**IV.    Argument**

The Court should sentence Mr. Pena-Solis to a total term of imprisonment of 180 months, consisting of concurrent sentences of 120 months' imprisonment on Counts 1, 2, and 4 and a consecutive sentence of 60 months' imprisonment on Count 3. Such a sentence is appropriate under 18 U.S.C. § 3553(a) and reflects the

seriousness of the offense, but also recognizes the mitigating factors in Mr. Pena-Solis' history, serves to deter Mr. Pena-Solis and others from engaging in similar conduct, and provides for just punishment.

Mr. Pena-Solis committed this offense by transporting nearly five kilograms of methamphetamine from California to Iowa. *Id*. ¶ 7. He did so with his family, including his girlfriend's two children, in the vehicle. *Id*. He did so with a .22 caliber revolver which was loaded and accessible. For this, he understands the Court will impose a significant sanction.

Although the offense is undeniably serious, Mr. Pena-Solis' history and characteristics call for a prison sentence at the mandatory minimum. He was born and raised in Puerto Vallarta, Mexico until he moved to live with an uncle in Tijuana at age 16. *Id*. ¶ 43. He had a good childhood, and at age 18, obtained a work visa to legally enter the United States to work. *Id*. Upon the expiration of that visa, Mr. Pena-Solis failed to return to Mexico and is classified as a visa overstay. *Id*.

While in the United States, Mr. Pena-Solis has worked both as an employee and, later, for himself doing yard labor jobs. *Id*. ¶ 53. He has also avoided any criminal convictions. *Id*. ¶¶ 30-33. Unfortunately, though working and avoiding criminal convictions, Mr. Pena-Solis' drug addiction still festered. At age 15, Mr. Pena-Solis began using a cocktail of substances – alcohol, marijuana, methamphetamine, and cocaine. *Id*. ¶¶ 47-50. His use continued until his arrest

3

in this case at age 30, at which point he was using both methamphetamine and cocaine on a daily basis. *Id.* ¶¶ 49-50.

Accordingly, a prison sentence at the mandatory minimum 180 months is appropriate under the 18 U.S.C. § 3553(a) factors. Such a sentence would be followed by a minimum of five years on supervised release, PSR ¶ 60, and require that Mr. Pena-Solis not reenter the country after he is deported without the proper permission, be monitored if he does, and participate in substance abuse monitoring and treatment should he be allowed to return. *Id.* ¶¶ 68-70. The sentence accounts for the nature and circumstances of the offense and Mr. Pena-Solis' history and characteristics, provides adequate deterrence and just punishment, and accounts for the sentencing range established under the guidelines.

    Respectfully submitted,

    FEDERAL DEFENDER'S OFFICE
    701 Pierce Street, Suite 400
    Sioux City, Iowa   51101
    Telephone:   712-252-4158
    E-mail:   Timothy_Herschberger@fd.org

    By:   /s/ Timothy Herschberger
    TIMOTHY HERSCHBERGER
    ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I hereby certify that on January 27, 2021, I filed this document via ECF, which will serve notice of its filing to AUSA Wehde.
    /s/ Geralynn Fjeldheim